IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **LARRY G. BENES,** | ) | CASE NO. 4:06CV3313 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | MEMORANDUM |
| **SHARON K. WERNER, GORDON OHNOUTKA, LUDVIK WALLA, MIKE KAVAN, LEROY RATHKOVEC, MARVIN ZITEK, ERNEST OSMERA, PAT BARTEK, LARRY MASEK, and VALERIAN REZAC,** | ) | AND ORDER |
| Defendants. | ) | |

The matters before the Court are (1) the Defendant Marvin Zitek's Motion to Dismiss (Filing No. 4); (2) the Defendant Valerian Rezac's Motion to Dismiss (Filing No. 6); (3) the Defendant Gordon Ohnoutka's Motion to Dismiss (Filing No. 8); (4) the Defendant Mike Kavan's Motion to Dismiss (Filing No. 10); (5) the Defendant Ludvik Walla's Motion to Dismiss (Filing No. 12); (6) the Defendant Ernest Osmera's Motion to Dismiss (Filing No. 14); (7) the Defendant Larry Masek's Motion to Dismiss (Filing No. 25); (8) the Defendant Sharon Werner's Motion to Dismiss (Filing No. 27); (9) the Defendant Pat Bartek's Motion to Dismiss (Filing No. 29); and (10) the Defendant Leroy Rathkovec's Motion to Dismiss (Filing No. 31). For the reasons stated below, the Defendants' motions will be granted, and the Plaintiff Larry Benes's Complaint (Filing No. 1) will be dismissed without prejudice.

## Background

Benes, a pro se litigant, filed his Complaint in this Court on December 28, 2006, against ten named Defendants. He alleges that the Defendants were creating "100% fake gossip" against him, and that they were "teaching more generations of people to create

100% fake gossip for money," and requests that the Court question the Defendants to "prove the innocense of Larry Benes." (Filing No. 1, pp. 2–3). Benes further alleges that he is a citizen of Nebraska, and that all ten Defendants are citizens of Nebraska. (*Id.* at 2.). All ten Defendants have filed individual motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Each Defendant has filed a brief-in-support of his or her respective motion. Benes has filed no brief-in-opposition.

**Standard of Review**

As an initial matter, I note that Benes is a pro se litigant, and that as such his Complaint is held "to less stringent standards than formal pleadings drafted by lawyers." *Ellis v. Butler*, 890 F.2d 1001, 1003 (8th Cir. 1989) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

For a court to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the defendant must successfully challenge the complaint either on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir.1993). In a facial challenge to jurisdiction such as this, all factual allegations regarding jurisdiction would be presumed true and the motion may only succeed if the plaintiff has failed to allege an element necessary for subject matter jurisdiction. *Id.* "'Dismissal for lack of subject matter jurisdiction will not be granted lightly.'" *Johnson v. Scotts Bluff County Sheriff's Dep't*, 245 F. Supp. 2d 1056, 1058 (D. Neb. 2003) (quoting *Wheeler v. St. Louis SW Ry. Co.*, 90 F.3d 327, 329 (8th Cir.1996)).

In considering a motion to dismiss a complaint under Rule 12(b)(6), a Court must assume all the facts alleged in the complaint are true, and must liberally construe the

complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears, beyond a doubt, that the plaintiff can prove no set of facts which would allow relief. *Id.* Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, some insuperable bar to relief. *Id.*

## Discussion

Federal courts do not have the authority to hear every single case. Rather, a federal court must have jurisdiction, which means that certain prerequisites must be met before a federal court can grant the relief sought. For purposes of this case, there are two routes to federal jurisdiction: (1) federal question jurisdiction; and (2) diversity jurisdiction.

### *1. Federal Question Jurisdiction*

For a federal court to have jurisdiction under the federal question jurisdictional statute, 28 U.S.C. § 1331, a plaintiff must assert a substantial federal claim. That is, a plaintiff's complaint must state a claim arising under the Constitution, laws, or treaties of the United States. Benes's Complaint in this case does not affirmatively state any basis for subject matter jurisdiction under 28 U.S.C. § 1331.

Federal district courts have jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3). The jurisdictional counterpart to 28 U.S.C. § 1343(a)(3)

is 42 U.S.C. § 1983, which provides a remedy for certain deprivations of a claimant's civil rights. To state a claim for relief in an action brought under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under "color of state law," that is, by a "state actor." *Forest Park II v. Hadley*, 408 F.3d 1052 (8th Cir. 2005). Purely private individuals and entities who commit torts—*i.e.*, civil wrongs—against other private parties are generally not acting under the color of state law when they commit those acts. Benes did not allege in his Complaint that any of the Defendants are state actors, or that they were acting under the color of or in conjunction with state authority.

I note that as pled, Benes's Complaint appears to set out a claim that the Defendants made intentionally false communications concerning Benes's reputation and good name, that is, a claim of defamation. Defamation is a state law cause of action, not a federal law cause of action. Consequently, while Benes may have a claim under state law, the Complaint does not state a claim arising under the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 1331.

## 2. Diversity of Citizenship Jurisdiction

The complaint could be construed as intending to base jurisdiction on 28 U.S.C. § 1332 (diversity of citizenship). Under 28 U.S.C. § 1332, a plaintiff can bring a state law claim in federal court. However, there are two requirements: (1) the amount in controversy must exceed $75,000; and (2) the plaintiff must be suing defendants that live in a state other than his own. (For example, if federal jurisdiction is based only on diversity of citizenship, a citizen of Iowa can bring a lawsuit against a citizen of Nebraska, but a citizen of Nebraska cannot bring a lawsuit against another citizen of Nebraska in federal court.)

4

As pled in Benes's Complaint, the controversy in this case is between citizens of the same state—*i.e.*, Nebraska. In other words, both Benes and at least one of the Defendants are citizens of Nebraska. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Because Benes and at least one Defendant are both citizens of Nebraska, this case lacks complete diversity of citizenship.

Because this Court lacks subject matter jurisdiction, Benes's Complaint will be dismissed, without prejudice.

IT IS ORDERED:

1. The Defendants' motions to dismiss appearing at Filing Nos. 4, 6, 8, 10, 12, 14, 25, 27, 29, and 31 are granted;

2. The Plaintiff Larry G. Benes's Complaint (Filing No. 1) is dismissed without prejudice; and

3. A separate judgment will be entered.

DATED this 8th day of June, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge